No. 42539.—Protests 985100–G, etc., of Dan Brechner & Co. (New York).

Opinion by EVANS, J.   Spring daggers stipulated to be the same as those the subject of Abstract 37637 were held dutiable at 45 percent under paragraph 397 as claimed.

BEFORE THE SECOND DIVISION, OCTOBER 20, 1939

No. 42540.—Protests 944303–G (A), etc., of Brown & Kruger, Inc., of N. Y. et al. (New York).

Opinion by KINCHELOE, J.   On the records presented the protests were overruled.

No. 42541.—Protests 950169–G, etc., of New York Merchandise Co., Inc. (New York).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel and on the authority of Abstract 38680 the needle threaders in question were held dutiᵣable at 40 percent under paragraph 339.

No. 42542.—Protest 960908–G of Jordan Marsh Co. (Boston).

Opinion by Dallinger, J.   On the record presented the fireplace sets in question were held dutiable as household utensils at 40 percent under paragraph 339 as claimed.

No. 42543.—Protests 981407–G, etc., of International Novelty Import Co. et al. (New York).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of photo frames, slipper pin cushions, and paperweights, plated with silver, chiefly used in the household for utilitarian purposes.   The claim at 50 percent under paragraph 339 was therefore sustained.   Woolworth v. United States (T. D. 47857 and 26 C. C. P. A. 221, C. A. D. 20) cited.

No. 42544.—Protests 962949–G/88111, etc., of W. C. Sullivan & Co. et al. (Chicago).

Opinion by DALLINGER, J.   In accordance with stipulation of counsel and on the authority of Minami v. United States (C. D. 72) the Christmas wreaths in question were held dutiable at 35 percent under paragraph 353 as claimed.